JOHN PARET, EXECUTOR OF THE LAST WILL OF HENRY PARET, DECEASED, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF BAYONNE.

If land be taken for a public improvement, under the charter of a city, and the assessment made to the owner be set aside, an action at law will not lie, as upon an *assumpsit*, for the value of such land and damages.

On error to the Supreme Court. For opinion of the Supreme Court, see 10 *Vroom* 560.

For the plaintiff in error, *G. Collins* and *B. Williamson*

For the defendants, *E. A. S. Man.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. Under proceedings taken by the authorities of the city of Bayonne, certain lands of Henry Paret were taken, for which an assessment of damages was made to him. Paret brought a writ of *certiorari*, and this assessment was set aside by the Supreme Court. Thereupon, Paret brought this suit, which was *assumpsit* as to form, to recover the value of the lands taken from him and the damages. Issue having been joined, the attorneys of the litigants submitted, under a rule of court, to referees, the estimation of a certain part of the damages sustained by the plaintiff, agreeing, with respect to the residue of such damages, to be bound by the assessment originally made on the taking of the land by the city. The referees thus constituted having made their award, a motion was made in the Supreme Court to render judgment on such finding; and that motion being rejected, this writ of error has been sued out.

Upon the argument, this court was so clearly of opinion that the plaintiff had no case, that the counsel of the defendants was not heard in reply. That, it seems to me, was an

inevitable result, unless this court was willing to unsettle legal rules which had been heretofore established by a long series of adjudications.    The rule attempted to be vindicated in this case is plainly this: that by a certain course of law, a city can be made liable, by a suit, for the expenses incurred in taking land for a public improvement, and the burthen imposed upon the city at large, although the charter prescribes the mode of having such expenses assessed, and provides for their payment by the owners of the particular lands specially benefited.    It is obvious that this is an endeavor to subvert the legislative scheme, which is to have the damages ascertained in an appointed manner, and paid by a certain class of persons.    This, it has been repeatedly decided in this state, cannot be done.    In this case, it was insisted that by the course taken in the conduct of this suit, such end, forbidden though it might be, had, in point of fact, been accomplished. The experienced counsel of the plaintiff, in pressing the case of his client, in its best form, on the attention of the court, rested the stress of his argument on this point: that the award of the referees was conclusive of the plaintiff's right, and that the court could not go behind that award to find any imperfection in the case.    But this position is plainly untenable on two grounds—

First, the cause of action was not submitted to the referees, and, consequently, was not passed upon by them.    They were authorized only to ascertain a certain portion of the damages, and this they did, and it was all they could do.    They were not empowered to decide, nor did they decide, that the plaintiff had a right to recover such damages.    Over that question they had no control.    Consequently, the general question on the whole case, with respect to the plaintiff's cause of action, falls to the cognizance of the court.    Where the judgment is rendered that the plaintiff has no legal ground of suit, no part of the action of the referees is reconsidered or avoided.

But in the second place, if the entire cause of action had been submitted, the award would not have precluded the court from adjudging the plaintiff's action to be destitute of

all legal foundation. The reason is that a municipality has but a delegated authority, comprised within definite bounds, and that all its acts are void, except within such sphere. Outside of such defined limits, a city is powerless to bind itself by its doings or contracts. If it has not the conferred ability to agree to a thing, it cannot confer upon other persons the power to create for it such an obligation. In the present case, as the city, by direct agreement, did not possess the power to agree to the amount of damages to be paid to the plaintiff, it could not stipulate to pay the amount that might be fixed on a reference. A city, except when empowered so to do, could not subscribe to the stock of a railroad company, and if sued on such a subscription, could not impose such a liability on the municipality in the form of an award under a submission to reference or arbitration. The fatal defect in such a proceeding would be the incompetency of the municipal authorities to bind the city by its agreements on such a subject. The submission to reference in the present case was *ultra vires,* and therefore void.

In the printed brief of one of the counsel of the plaintiff, another contention is stirred, to the effect that as the city has taken the land in question, and occasioned the plaintiff incidental damages, that an action will lie for the value of such land and for such damages. In aid of this line of argument, it was said, and a decision was cited to sustain the assertion, that as the city had the land, and as the damages had been inflicted for the benefit of the city, an implied promise would arise on the part of the defendant to make amends, the theory being that on the payment of such moneys, the title to the use of the land would vest in the public by way of dedication. The infirmity of this position at once becomes apparent if we reduce the arrangement thus sought to be implied into the tangible form of an agreement. The city has the lands, and then says to the plaintiff, "I will pay their value and your damages, and you will dedicate such lands to the public use." It is manifest such an agreement is void on two grounds— First, it is null by the statute of frauds, as it relates to lands;

and, Second. It is null, because it is *ultra vires,* the charter giving no authority to enter into such a compact. In the present case we encounter the further difficulty that this is a suit by an executor, and certainly, as such, he cannot dedicate lands the title to which is in the devisee or heir at law.

There is something also said in reference to the plaintiff being destitute, if this action should fail, of any legal remedy for the damages consequent on the taking of his land, it being argued that there is no ability in the city, under its charter, to make a second assessment. The correctness of this latter assumption it is not necessary to examine, for it is certain that if its truth be conceded, the plaintiff has ample means in his hands for all the wrongs done to him. The city can acquire no right to the use of these lands without paying for them, and if the city authorities have taken possession of them, and have put it out of their power to make the compensation provided in the city charter, the whole proceeding has become unlawful and can be so treated.

The question, whether the refusal of the court to enter judgment on the award in question was such a final judgment that a writ of error will lie from it, was not discussed or suggested on the argument, and it, therefore, will receive no consideration in this court.

I think the decision of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, KNAPP, REED, WOODHULL, CLEMENT, DODD, GREEN, LILLY. 10.

*For reversal*—None.